(Judge Hull, of the sixth circuit, sitting in the place of Judge Marvin.)

### J. C. LOWER ET AL. v. C. P. FISHER.

1. PREMATURE FILING OF TRANSCRIPT.

Under sec. 6588, Rev. Stat., in reference to proceedings where an appeal from a justice is not prosecuted, the premature filing of a transcript by the appellee and the striking of the same from the docket is not a bar to a subsequent judgment, upon refiling the transcript at the proper time.

2. PROPER TIME WHEN APPELLEE, UNDER SEC. 6588, REV. STAT., MAY FILE THE TRANSCRIPT.

Under sec. 6588, Rev. Stat., the term at which the transcript from the justice court may be filed is the one next after the term within which the thirty days allowed the appellant expire.

3. FILING TRANSCRIPT IN THE INSOLVENCY COURT.

The filing of a transcript from justice court in the insolvency court, does not preclude the filing a transcript with the common pleas court and taking judgment thereon, as provided for in sec. 6588, Rev. Stat.

ERROR to the Court of Common Pleas of Cuyahoga county.

HALE, J.

Judgment was rendered in a justice court against the plaintiffs in error, notice of an appeal to the court of common pleas given by them, and an undertaking, as provided by law, was entered into. A transcript was filed in the insolvency court on December 16, 1898.

At the January term of the court of common pleas the defendant in error filed a transcript of the justice's docket in the clerk's office of the court of common pleas, and, under sec. 6588, Rev. Stat., asked for a judgment, which was rendered in his favor. Subsequently and at the same term this judgment was set aside on motion of plaintiff in error, and the transcript stricken from the docket. At the April term, 1899, the transcript from the justice docket was refiled, and judgment again rendered against the plaintiffs in error. In this there was no error.

The thirty days given by the appellant to file the transcript with the clerk of the court of common pleas not having expired until after the commencement of the January term, 1899, of that court, the transcript was properly filed at the April term of 1899, and the defendant in error was not barred of his right to a judgment thereon by the proceedings at the January term.

Judgment affirmed.

*Zangerle, Higley & Maurer,* for plaintiffs in error.

*Noble, Pinney & Willard* and *W. Phister,* for defendant in error.